AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:   510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
PAUL SPECTOR and JOAN BURGESS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SPECTOR and JOAN BURGESS<br><br>    Plaintiff,<br><br>v.<br><br><br>PACIFICA LODGING, INC. dba INN AT ROCKAWAY<br><br>    Defendants. | CASE NO.<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1.  **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2.  **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3.  **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs PAUL SPECTOR and JOAN BURGESS complain of Defendant PACIFICA LODGING, INC. dba INN AT ROCKAWAY, and allege as follows:

1.     **INTRODUCTION:**  Defendant forced disabled Plaintiff Spector and his companion Plaintiff Burgess to pay extra fees to stay at its hotel because Plaintiff Spector uses a service dog.  On August 16, 2023, Plaintiffs checked into the Inn at Rockaway located at 200 Rockaway Beach Avenue, Pacifica California. Upon checking in, Defendant forced Plaintiffs to pay an extra $45/night and sign a "pet policy" so that Plaintiff Spector could be accompanied by his service dog Coco while they stayed at Inn at Rockaway. Despite several conversations with

1    Defendant's employees and manager, Defendant refused to waive the fee for Plaintiff Spector's

2    service dog, explicitly stating on video that the fee applied to them.

3         2.        Plaintiffs love visiting the Pacifica area for vacations and weekend trips.  The Inn

4    at Rockaway is well appointed and conveniently located for Plaintiffs.  They intend to return to

5    the hotel in the future but cannot do so until the policies of the hotel are made accessible to

6    disabled individuals who use service dogs and those associated with them, including revision of

7    its service dog policies and necessary employee training and/or re-training.  Plaintiffs have

8    brought this lawsuit to force Defendant to change its discriminatory and illegal policies and

9    compensate them for charging them extra fees to stay at the hotel because Plaintiff Spector is a

10   disabled person who needs the assistance of his qualified service dog, and Plaintiff Burgess is

11   associated with him.  Plaintiffs seek an injunction to protect the rights of all disabled persons and

12   those associated with them, including Plaintiffs, when accompanied by a qualified service dog at

13   the Inn at Rockaway.

14        3.        **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC

15   sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law

16   pursuant to 28 U.S.C. § 1367.

17        4.        **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is

18   proper because the real property which is the subject of this action is located in this district and

19   that Plaintiff's causes of action arose in this district.

20        5.        **INTRADISTRICT:**  This case should be assigned to the San Francisco

21   intradistrict because the real property which is the subject of this action is located in this

22   intradistrict and Plaintiff's causes of action arose in this intradistrict.

23        6.        **PARTIES:**  Plaintiff Paul Spector is a professional nurse and "qualified" disabled

24   person and veteran who uses the assistance of a service dog for mobility.  Plaintiff was injured in

25   a very serious car accident in 2012 which left him with residual pain and weakness in his left

26   knee and arthritis, all of which cause him difficulty in walking, balancing, and standing for long

27   periods of time.  Plaintiff's knee can give out while he is walking which could cause him to fall

28   down.  Plaintiff relies upon his service dog, a Belgium Shephard named "Coco," to assist him

1    with certain tasks including pulling him upstairs and hills while they are walking.  He also can

2    assist Plaintiff with stabilizing his balance.  Coco has been trained to walk on Plaintiff's left side,

3    and when Claimant's knee begins to weaken, Coco leans his considerable weight against Plaintiff

4    and allows him to lean against Coco which provides Plaintiff with necessary stability and support

5    to take some pressure off of his weak left knee.  Additionally, Coco is trained to assist Plaintiff in

6    getting down to the floor and back up when he needs to retrieve dropped objects.  Coco was

7    professionally trained to be service dog.  Additionally, Plaintiff continues to reinforce the training

8    with Coco daily.  Plaintiff is a qualified person with a disability as defined under federal and state

9    law.  42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

10          7.      Plaintiff Joan Burgess is Plaintiff Paul Spector's partner.  Plaintiff Joan Burgess

11   was denied access to the Inn at Rockaway, because Defendant refused to allow Plaintiff Spector

12   to be accompanied by his service dog at the hotel without charging an extra fee.  Plaintiff Burgess

13   has standing for injunctive relief and damages under state law and under the Americans with

14   Disabilities Act of 1990.  Per 42 U.S.C. section 12182(b)(1)(E), "It shall be discriminatory to

15   exclude or otherwise deny equal goods, services, facilities, privileges, advantages,

16   accommodations, or other opportunities to an individual or entity because of the known disability

17   of an individual with whom the individual or entity is known to have a relationship or

18   association." *Nevarez v. Forty Niners Football Co., No*. 16-CV-07013-LHK, 2017 WL 3288634,

19   at *5 (N.D. Cal. Aug. 1, 2017).  Plaintiff Burgess suffered an injury that is "specific, direct and

20   separate from" that of her partner.  *Id.* at *5.  At all relevant times mentioned here, Plaintiff

21   Burgess was with Plaintiff Spector and suffered damages due to her associative standing as her

22   companion during the August 16, 2023, incident described herein.  Both have been and will be

23   deterred by these discriminatory acts and policies of Defendant described herein until these

24   policies are changed and Defendant is required by injunction and court order to provide and

25   enforce nondiscriminatory policies.

26          8.      Defendant PACIFICA LODGING, INC. dba INN AT ROCKAWAY, are and were

27   at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject

28   business located at 200 Rockaway Beach Ave, Pacifica, California, known as the Inn at

1  Rockaway.

2        9.     Inn at Rockaway is a place of "public accommodation" and a "business

3  establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C.

4  section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code

5  sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

6        10.    **FACTUAL STATEMENT:**  Plaintiff Paul Spector has been working with his

7  service dog Coco for almost two years.  Coco is a Belgium Shephard who was both professionally

8  trained and individually trained to be a service dog.  Plaintiff has also trained and continues to

9  train Coco to serve his specific needs throughout their relationship.  Coco is specifically trained to

10  assist Plaintiff with mobility, including stabilizing him if his knee gives out, assisting him up hills

11  and stairs, and assisting him in bending down to retrieve objects at floor level.

12        11.    Coco is a working dog; he is not a pet.  Plaintiff and Coco have trained extensively

13  together, and they supplement that training daily.  Plaintiff takes Coco everywhere with him in

14  public.  It is important they stay together at all times because (a) Coco provides important

15  services for Plaintiff; and (b) it is part of the training and bonding requirement that they be

16  together constantly to maintain their bond.  Where Plaintiff goes, Coco goes.  Below are

17  photographs of Coco as he looked when he and Plaintiff stayed at Inn at Rockaway:



12        12.    Plaintiffs decided to take a vacation together during the third week of August.

28  Both Plaintiffs love traveling to the Pacifica area to stay near the beach, so they decided to start

4

their trip in Pacifica leaving open the possibility of driving down the coast towards Southern California after a few days.

13.     On August 15, 2023, Plaintiff Burgess made a reservation for them to stay at the Inn at Rockaway.  On August 16, 2023, Plaintiff Burgess, Plaintiff Spector and Coco drove from their home in the East Bay to Pacifica.

14.     The group arrived at the Inn at Rockaway around 3 pm.  Plaintiff Burgess went into the lobby to check-in to their room. During the check-in process, Plaintiff Burgess informed the staff at the Inn at Rockaway that her partner Plaintiff Spector had a service dog with him who would be staying in the room with them.  Defendant's employee told Plaintiff Burgess that she would have to pay a $45/night fee and sign a "pet policy" in order to have Plaintiff Spector's service dog stay in the room with them.

15.     Plaintiff Burgess was surprised that there would be an extra charge, and she confirmed with Defendant's employee that the extra $45/night fee applied to service dogs. Plaintiff Burgess also explained that they had not been charged extra fees to have Plaintiff Spector's service dog Coco with them at other hotels.  Defendant's employee responded that in order to have Plaintiff's Spector service dog in the room with them Plaintiffs would need to pay a nightly fee of $45 and sign the hotel's "pet policy."

16.     Plaintiff Burgess hesitated, but she ultimately agreed to pay the fee for Plaintiff Spector's service dog and sign the "pet policy."  Plaintiff Burgess did not feel as if she had any choice.  Plaintiffs did not have another place reserved to stay in the Pacifica area, and she did not want to drive back to the East Bay, ruining their vacation before it even started.

17.     After checking in, Plaintiff Burgess returned to the car to discuss the situation with Plaintiff Spector.  Plaintiff Spector was quite upset about the extra fee they were being charged for his service dog.  His contract work had recently ended, and Plaintiffs had a budget they needed to keep for the vacation they were taking.  Neither Plaintiff had accounted for extra hotel fees for Plaintiff Spector's service dog.

18.     Both Plaintiffs were tired when they arrived, so they went to their room to relax and start their vacation. Plaintiffs discussed their plans for the remainder of their vacation, and

they decided that they wanted to stay in Pacifica for another night.  Plaintiff Spector said he would go to the lobby in the morning to see if they could extend the reservation for a second evening.

19.     The following day, Plaintiff Spector went into the lobby to see if they could extend their reservation for a second night.  Additionally, Plaintiff Spector wanted to discuss the additional fee that they had been charged for his service dog with Defendant's staff. He went to the lobby, and he asked the employee at the front desk if they still charge an extra fee for a dog even if it's a service dog.  The front desk employee said he was going to get the manager.

20.     The manager came out to the front desk, and Plaintiff Spector asked him if they still charge a fee for dogs if the dog is a service dog.  Defendant's manager replied "yes" they do charge a fee even if it's a service dog.  Then he asked Plaintiff Spector if they wanted to add an extra night, and Plaintiff said they would like to add an extra night.

21.     Plaintiff again asked if they would be charged the fee for his service dog. Defendant's manager said that he could waive the $45 fee for the second night, but that he would still have to charge Plaintiffs the fee for the first night.  Plaintiff then asked Defendant's manager if he wanted to see Coco so that he could see she is a service dog.  Defendant's manager responded that it would not matter if he saw the dog because, "it's still extra cleaning time, so we need to cover the costs." Plaintiff Spector asked, "so you treat it just like a pet?"  Defendant's manager again answered yes, and he explained that "it still levies costs on the business in that extra cleaning time that we have to give our cleaning staff." Plaintiff then left the office. This conversation was recorded on video.

22.     Plaintiffs stayed the second night at the Inn at Rockaway, and they paid the fee for Coco.

23.     After checking out of the Inn at Rockaway on Friday, August 18, 2023, Plaintiffs started looking for other accommodations in Pacifica. Although they were able to find other hotels with availability in Pacifica, they were unable to find a hotel which would accommodate Plaintiff Spector's service dog without charging a fee or requiring "paperwork." Ultimately, Plaintiffs decided to end their vacation after only two days and returned home feeling more

1   stressed than they had when they left home.

2       24.     Plaintiffs wish to return to the Inn at Rockaway, but only *after* Defendants have

3   implemented proper service animal policies and training of their staff.  Plaintiff is deterred from

4   returning to the motel until these policies and training are in place.

5                          **FIRST CAUSE OF ACTION:**
    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

6                          **(42 USC §§ 12101 *et seq.*)**

7       25.      Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

8   the factual allegations contained in Paragraphs 1 through 24, above, and incorporates them herein

9   by reference as if separately repled hereafter.

10      26.     In 1990 Congress passed the Americans with Disabilities Act after finding that

11  laws were needed to more fully protect "some 43 million Americans with one or more physical or

12  mental disabilities; that historically society has tended to isolate and segregate individuals with

13  disabilities;" that "such forms of discrimination against individuals with disabilities continue to

14  be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals

15  with disabilities are to assure equality of opportunity, full participation, independent living and

16  economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and

17  unnecessary discrimination and prejudice denies people with disabilities the opportunity to

18  compete on an equal basis and to pursue those opportunities for which our free society is

19  justifiably famous."  42 U.S.C. § 12101(a).

20      27.     The ADA provides, "No individual shall be discriminated against on the basis of

21  disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

22  or accommodations of any place of public accommodation by any person who owns, leases, or

23  leases to, or operates a place of public accommodation." 42 USC § 12182.

24      28.     Plaintiff Spector is a qualified individual with a disability as defined in the

25  Rehabilitation Act and in the Americans with Disabilities Act of 1990. Plaintiff Burgess is his

26  companion and partner, and she has standing for injunctive relief and damages under state law

27  and under the Americans with Disabilities Act of 1990 through her association with Plaintiff

28  Spector and due to damages she personally incurred as a result of the incident on August 16,

7

2023.  Per 28 CFR § 36.2015, "A public accommodation shall not exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

29.     Inn at Rockaway is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(A).

30.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

31.     Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service-animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

32.     Defendant has a policy and practice of charging guests with service animals an extra nightly fee at the Inn at Rockaway.

33.     On information and belief, as of the date of Plaintiffs' most recent visit to Inn at Rockaway on or about August 16, 2023, Defendant continues to deny full and equal access to Plaintiffs and to discriminate against Plaintiffs on the basis of Plaintiff Spector's disabilities and Plaintiff Burgess' association with Plaintiff Spector, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

34.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

35.     As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "hotel, motel or other place of lodging."  42 USC § 12181(7)(A).

36.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

9

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiffs' rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

37.    The removal of each of the policy barriers complained of by Plaintiffs as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law.  In the event that removal of any barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

38.    On information and belief, as of the dates of Plaintiffs' encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiffs and to other disabled persons who work with service dogs and those persons associated with them, which violates Plaintiffs' right to full and equal access and which discriminates against Plaintiff Spector on the basis of his disabilities and against Plaintiff Burgess based upon her association with Plaintiff Spector, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

39.    Defendant's actions continue to deny Plaintiffs' rights to full and equal access by

1   deterring Plaintiffs from patronizing the Inn at Rockaway and discriminated and continue to

2   discriminate against Plaintiff Spector on the basis of his disabilities and Plaintiff Burgess on the

3   basis of her association with a disable person who uses a service dog, thus wrongfully denying to

4   Plaintiffs the full and equal enjoyment of Defendants' goods, services, facilities, privileges,

5   advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

6       40.    Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*,

7   Plaintiffs are entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights

8   Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff Spector is being subjected to discrimination on the

9   basis of his disabilities and Plaintiff Burgess is being subjected to discrimination based on her

10  association with disabled Plaintiff Spector in violation of sections 12182 and 12183.  On

11  information and belief, Defendant has continued to violate the law and deny the rights of

12  Plaintiffs and other disabled persons and those associated with them to "full and equal" access to

13  this public accommodation since on or before Plaintiff's encounters.  Pursuant to

14  section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief
> shall include an order to alter facilities to make such facilities readily accessible to
> and usable by individuals with disabilities to the extent required by this title.  Where
> appropriate, injunctive relief shall also include requiring the provision of an
> auxiliary aid or service, modification of a policy, or provision of alternative
> methods, to the extent required by this title.

19      41.    Plaintiffs seek relief pursuant to remedies set forth in section 204(a) of the Civil

20  Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to

21  implement the Americans with Disabilities Act of 1990.  Plaintiff Spector is a qualified disabled

22  person for purposes of § 12188(a) of the ADA who is being subjected to discrimination on the

23  basis of disability in violation of Title III and who has reasonable grounds for believing he will be

24  subjected to such discrimination each time that he may use the property and premises, or attempt

25  to patronize the Inn at Rockaway, in light of Defendant's policies barriers.  Plaintiff Burgess

26  seeks similar relief as she continues to be discriminated against based upon her association with

27  disabled Plaintiff Spector, her partner and companion.

28      WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

11

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

42.     Plaintiffs re-plead and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 41 of this Complaint and incorporates them herein as if separately re-pleaded.

43.     At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

44.     California Civil Code section 52 provides that the discrimination by Defendant against Plaintiffs on the basis of disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

45.     Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

46.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

47.     The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs, and those associated with them, within the meaning of California Civil Code sections 51 and 52.  As a

12

1   proximate result of Defendant's action and omissions, Defendant has discriminated against

2   Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory and

3   compensatory to Plaintiff, according to proof.

4        48.    **FEES AND COSTS:**  As a result of Defendants' acts, omissions and conduct,

5   Plaintiffs have been required to incur attorney fees, litigation expenses and costs as provided by

6   statute in order to enforce Plaintiffs' rights and to enforce provisions of law protecting access for

7   disabled persons and those associated with them and prohibiting discrimination against disabled

8   persons and those associated with them.  Plaintiffs therefore seek recovery of all reasonable

9   attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code

10  sections 51 and 52.  Additionally, Plaintiffs' lawsuit is intended to require that Defendant make

11  its facilities and policies accessible to all disabled members of the public, justifying "public

12  interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code

13  of Civil Procedure section 1021.5 and other applicable law.

14       49.    Plaintiffs suffered damages as above-described as a result of Defendants'

15  violations.

16       WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

17                              **THIRD CAUSE OF ACTION:**
                            **DAMAGES AND INJUNCTIVE RELIEF**
18         **FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES  IN A**
                                **PUBLIC ACCOMMODATION**
19                              **(Civil Code §§ 54 *et seq.*)**

20       50.    Plaintiffs re-plead and incorporate by reference, as if fully set forth hereafter, the

21  factual allegations contained in Paragraphs 1 through 49 of this Complaint and all paragraphs of

22  the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

23       51.    Under the California Disabled Persons Act (CDPA), people with disabilities and

24  those associated with them are entitled to the "full and free use of . . . public buildings, . . . public

25  facilities, and other public places."  Civil Code § 54(a).

26       52.    Civil Code section 54.1(a)(1) further guarantees the right of "full and equal

27  access" by persons with disabilities and those associated with them to "accommodations,

28  advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other

places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

53.    Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

54.    Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

55.    Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

56.    Inn at Rockaway is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

57.    Defendant made the decision to knowingly and willfully exclude Plaintiff, his service dog, and his companion from its public accommodation by charging them an extra fee and thereby deny Plaintiff Spector's his right of entrance into their place of business with his service dog, and Plaintiff Burgess was denied entry on the bases of her association with Plaintiff Spector. As a result of that decision Plaintiffs have faced the continuing discrimination of being essentially

barred from entering this public accommodation and place of business based upon Defendant's illegal fees for Plaintiff Spector's legally protected use of his service dog.  Plaintiffs have continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should they attempt to return to these facilities.  Plaintiffs are unable to return to the Inn at Rockaway until they receive the protection of this Court's injunctive relief, and they have continued to suffer discrimination on a daily basis since August 16, 2023, all to their statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

58.     **INJUNCTIVE RELIEF:**  Plaintiffs seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiffs and other members of the public who are disabled, who require the assistance of service animals, and those associated with them from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat Plaintiffs as inferior and second-class citizens and serve to discriminate against them on the sole basis that Plaintiff Spector is a person with disabilities who requires the assistance of a service animal and Plaintiff Burgess' association with him.

59.     Plaintiffs wish to return to patronize the Inn at Rockaway but are deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause them further difficulty, discomfort and embarrassment, and Plaintiffs are unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiffs cannot return to patronize the Inn at Rockaway and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal and those associated with them.

60.     The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiffs if not enjoined by this Court.  Plaintiffs seek injunctive relief as to Defendant's inaccessible policies.   As to the Defendant that currently owns, operates, and/or

leases (from or to) the subject premises, Plaintiffs seek preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons and those associated with them, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

61.     Wherefore Plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiffs in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons and those associated with them.  Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiffs further request that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

62.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiffs have suffered a violation of their civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and have suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiffs on the basis that Plaintiff Spector was and is disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons and Plaintiff Burgess' association with Plaintiff Spector.  The violations have deterred Plaintiffs from returning to attempt to patronize the Inn at Rockaway and will continue to cause them damages each day these barriers to access and policy barriers continue to be present.

63.     Although it is not necessary for Plaintiffs to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was

16

aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of their discriminatory policy to deny and restrict entry to persons with service dogs, and their implementation of such a discriminatory policy against Plaintiffs, indicate actual and implied malice toward Plaintiffs and conscious disregard for Plaintiffs' rights and safety.

64. **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and those associated with them and prohibiting discrimination against disabled persons and those associated with them. Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55. Additionally, Plaintiffs' lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

65. Plaintiffs suffered damages as above described as a result of Defendant's violations. Damages are ongoing based on their deterrence from returning to the Inn at Rockaway.

WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

## PRAYER

Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiffs are granted the relief they request. Plaintiffs and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiffs Paul Spector and Joan Burgess pray for judgment and the following specific relief against Defendant:

1.      An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.   To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiffs that Plaintiff Spector's service dog will not be excluded and they will not be charged any additional "pet fees" should they desire to enter and use the services of the Inn at Rockaway;

    c.   That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiffs and similarly situated persons with disabilities and those associated with them, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d.   An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2.      An award to Plaintiffs of statutory, actual, general, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3.      An award of civil penalty as against Defendant under California Penal Code §

1  365.5(c);

2      4.      An award to Plaintiffs pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California

3  Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise

4  permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5      5.      An award of prejudgment interest pursuant to Civil Code § 3291;

6      6.      Interest on monetary awards as permitted by law; and

7      7.      Grant such other and further relief as this Court may deem just and proper.

8  Date: October 25, 2023                    REIN & CLEFTON

9                                             */s/ Aaron M. Clefton*
10                                            By AARON M. CLEFTON, Esq.
                                              Attorneys for Plaintiffs
11                                            PAUL SPECTOR and JOAN BURGESS

12

13                          **JURY DEMAND**

14      Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

15  Date: October 25, 2023                    REIN & CLEFTON

16                                             */s/ Aaron M. Clefton*
17                                            By AARON M. CLEFTON, Esq.
                                              Attorneys for Plaintiff
18                                            PAUL SPECTOR and JOAN BURGESS

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES